IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                     **CAUSE NO. 1:17CR118-LG-JCG-2**

**ERIN WOODS**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [114] Motion for Compassionate Release filed by Defendant, Erin Woods. The Government filed a [118] Response in Opposition, to which Defendant filed a [122] Reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's Motion should be denied.

### BACKGROUND

On April 25, 2018, Woods pled guilty to one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). On July 24, 2018, the Court sentenced Woods to 120 months of imprisonment, 3 years' supervised release, a fine in the amount of $5,000.00 with interest waived, and a special assessment in the amount of $100.00. She is currently housed at FCI Aliceville and is scheduled to be released on August 28, 2028.

On May 7, 2020, Woods filed a *pro se* Motion for Compassionate Release based on her fear of contracting COVID-19 in connection with reported medical issues and an outbreak at the FCI, Aliceville facility, where she is incarcerated. (Mot. Compassionate Release ¶¶ 3, 7, ECF No. 114). Woods also requests

compassionate release based on her need to care for her autistic child. (*Id.* at ¶ 6). On May 18, 2020, the Government filed a response in opposition to the Motion, arguing that (1) Woods failed to exhaust her administrative remedies, (2) Woods had not demonstrated any extraordinary or compelling reason to grant a reduction, and (3) the § 3553 factors weigh against Woods's release. Woods then filed a reply on June 8, 2020, now represented by counsel, which set forth her arguments in greater detail.

## DISCUSSION

### I. Ripeness of Defendant's Motion

A district court may reduce a defendant's term of imprisonment after (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). To that end, Woods made a request to prison staff for home confinement on April 3, 2020 and added a request for compassionate release on April 21, 2020. (Request, ECF No. 122-1). There is no indication that these requests have been answered. Therefore, as 30 days have now passed since this request, the Court may consider Woods's Motion on the merits. *United States v. Jimison*, No. 4:08-CR-11-DPJ-LRA, 2020 WL 3213429, at *2 (S.D. Miss. Jun. 15, 2020) (considering a motion for sentence reduction even though the defendant "filed his motion before exhausting his administrative remedies," as the period elapsed in the intervening time).

## II.     Merits of Defendant's Motion

In her original *pro se* Motion, Woods reports that the novel coronavirus "at FCI/SPC Aliceville is spreading quickly," where "[t]here are nine (9) inmates and nine (9) staff members that have tested positive." (Mot. Compassionate Release ¶ 3, ECF No. 114). Because of this, she "fears for her life and dying due to her health issues," including hypertension, asthma, heart problems, and morbid obesity. (*Id.* ¶ 7). Woods also relates her family circumstances. She has an autistic son, who is described as violent and abusive and is cared for by Woods's mother, as all her other "family members have passed away since [her] incarceration." (*Id.* ¶ 6).

Defendant requests a sentence reduction, and is correct that a court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id.*

The Sentencing Commission has not issued a relevant policy statement since 18 U.S.C. § 3582(c)(1)(A) was amended to permit defendants to file motions for compassionate release.[1] Some courts continue to obtain guidance from the prior policy statement, U.S.S.G. § 1B1.13, while other courts have determined that they are no longer bound by the prior policy statement. *Compare United States v. York*,

---

[1] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

Nos. 3:11CR76, 3:12CR145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019), *with United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019). Regardless of whether the policy statement remains binding, it continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release.

The policy statement provides that family circumstances may constitute an extraordinary or compelling reason by virtue of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii). It also provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. n.1(A)(ii).

The policy statement also provides that the defendant should not pose "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2). To determine whether a defendant poses a danger, courts consider the nature and circumstances of the offense charged and the weight of the evidence against the defendant, as well as the defendant's physical and mental condition, family ties, employment, criminal history, and drug and alcohol use history. 18 U.S.C. § 3142(g). The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release is also an important factor. *Id.*

Defendant's Motion for Compassionate Release, like countless others, is premised on the ongoing COVID-19 pandemic, which "has already spread to FCI Aliceville." (Reply Supp. Mot. Compassionate Release 20, ECF No. 122). Defendant, a 36-year-old female, further cites her hypertension, severe obesity, and asthma as medical problems which could potentially leave her more vulnerable to the virus. (*Id.* at 18-19).

Publications by the Centers for Disease Control and Prevention (CDC) have recognized asthma as a condition which "may put people at higher risk for severe illness from COVID-19." *Groups at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (retrieved June 23, 2020). Woods's presentence investigation report indicates that she suffers from asthma. (Presentence Investigation Report (PSR) ¶ 94, ECF No. 69). Likewise, "[s]evere obesity, defined as a body mass index (BMI) of 40 or above, puts people at higher risk for complications from COVID-19." *Groups at Higher Risk for Severe Illness*, *supra*. Defendant argues that her obesity is apparent from her medical records, although it has gone undiagnosed by the BOP. (Reply Supp. Mot. Compassionate Release 18-19, ECF No. 122). Woods calculates her BMI to be 44, indicating severe obesity. (*Id.*) She bases this on her height of 5'7" (PSR ¶ 93, ECF No. 69) and her recently recorded weight of 281 lbs. (Medical Records 3, ECF No. 118-2).

While Woods's asthma and severe obesity may heighten her risk for severe illness from the COVID-19 pandemic, the CDC has not recognized hypertension on

its own as a medical condition that heightens one's risk for severe illness from COVID-19. *Clinical Questions about COVID-19: Questions and Answers*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html#Patients-with-Hypertension (retrieved June 23, 2020).

Preexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence. *See, e.g., United States v. Oliejniczak*, No. 1:15-CR-142-EAW, 2020 WL 2846591, at *4 (W.D.N.Y. June 2, 2020); *see also United States v. Denault*, No. 11 Crim. 121-7 (GBD), 2020 WL 2836780, at *2 (S.D.N.Y. June 1, 2020); *United States v. Colonna*, No. 18-cr-60012-BLOOM, 2020 WL 2839172, at *4 (S.D. Fla. June 1, 2020). However, Defendant is correct that there have been three staff members with confirmed cases of COVID-19 at FCI Aliceville. *See COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (retrieved June 23, 2020). Therefore, the threat posed by COVID-19 at FCI Aliceville, in conjunction with Woods's medical vulnerability, weighs in favor of her release.

Similarly, Woods's family circumstances approach the level of severity required by the Sentencing Commission's policy statement. The policy statement provides that death or incapacitation of the defendant's spouse or a caregiver of the defendant's children justifies sentence reduction—in other words, a situation wherein the defendant has become the only available caregiver. *See* U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii). Here, Woods has an eighteen-year-old son who has been

diagnosed with autism and lives with Woods's mother as his caregiver. (Reply Supp. Mot. Compassionate Release 21, ECF No. 122). Her mother is 72 and in declining health. (Mot. Compassionate Release ¶ 6, ECF No. 114). These claims are supported by a letter and affidavit from Woods's mother. (*See* ECF Nos. 122-5 & 122-6). Woods also claims that her father and brother passed away during her incarceration, leaving few alternative caregivers in her stead. (*Id.*) The Court finds that Woods's family needs weigh in favor of release.

However, although weight should be given to Woods's medical condition and family circumstances, the Court agrees with the Government that "the § 3553(a) factors strongly disfavor a sentence reduction." (Govt.'s Resp. Def.'s Mot. Reduce Sent. 15, ECF No. 118). The § 3553 sentencing factors include the nature and circumstances of the offense and the history of the defendant. The Court may also consider the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with needed education, training, and treatment. 18 U.S.C. § 3553(a).

Here, Woods entered a plea of guilty to one of four counts listed in the indictment; the remaining counts were then dismissed pursuant to her plea agreement. After considering several special offense characteristics, Woods's total offense level was 33. (PSR ¶ 66, ECF No. 69). These characteristics included the number of firearms in Woods's possession (21), the stolen status of said firearms, and Woods's trafficking of said firearms. (*Id.* ¶¶ 53-65). Although the sentencing guideline was 135-168 months based upon her offense level and criminal history,

Woods was sentenced to 120 months according to the maximum term for the remaining count.  (*Id.* ¶¶ 117-18); *see also* 18 U.S.C. § 924(a)(2).  Further, Woods has only served about a fourth of her sentence.  (Mot. Compassionate Release ¶ 2, ECF No. 114).  The Court finds that, under these circumstances, a reduction in Woods's sentence would not reflect the gravity of the offense.  Although the Court is sympathetic to Woods's medical and family circumstances, will not disturb her sentence given the significant amount of time remaining.[2]

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [114] Motion for Compassionate Release filed by the defendant, Erin Woods, is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 24th day of June, 2020.

                                       s/ *Louis Guirola, Jr.*
                                       LOUIS GUIROLA, JR.
                                       UNITED STATES DISTRICT JUDGE

---

[2]To the extent Defendant requests "compassionate release to home confinement" (Reply Supp. Mot. Compassionate Release 7, ECF No. 122), the Court notes that it lacks the authority to order home confinement.  *See* 18 U.S.C. § 3621(b) (providing that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment," taking into account his security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, the proximity to his primary residence, BOP's security concerns, and the recommendations of the sentencing court); *United States v. Adcock*, No. 3:19-CR-00106, 2020 WL 2043811, at *3 (W.D. La. Apr. 28, 2020).