IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                          CAUSE NO. 1:17CR118-LG-JCG-2

ERIN WOODS

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [125] Motion for Reconsideration for

Compassionate Release filed by Defendant, Erin Woods.  Woods seeks the Court's

reconsideration of the [123] Order denying her a sentence reduction.  The

Government filed a [128] Response in Opposition, to which Defendant did not reply.

After reviewing the submissions of the parties, the record in this matter, and the

applicable law, the Court finds that Defendant's Motion should be denied.

### BACKGROUND

On April 25, 2018, Woods pled guilty to one count of possession of a firearm

by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3).

On July 24, 2018, the Court sentenced Woods to 120 months of imprisonment, 3

years' supervised release, a fine in the amount of $5,000.00 with interest waived,

and a special assessment in the amount of $100.00.  She is currently housed at FCI

Aliceville and is scheduled to be released on August 28, 2028.

On May 7, 2020, Woods filed a *pro se* Motion for Compassionate Release

based on her fear of contracting COVID-19 in connection with reported medical

issues and an outbreak at the FCI Aliceville facility where she is incarcerated.

(Mot. Compassionate Release, ECF No. 114).  The Court denied Woods' Motion on June 24, 2020.  (Mem. Opinion & Order, ECF No. 123).  On July 6, 2020, Woods moved the Court to reconsider its denial of compassionate release.  (Mot. Reconsideration, ECF No. 125).

## DISCUSSION

## I.   Jurisdiction over Defendant's Motion

The Government argues that this Court is without jurisdiction to entertain Defendant's Motion for Reconsideration.  (Govt.'s Resp. Def.'s Mot. Reconsider Mot. Compassionate Release, ECF No. 128).  A timely filed motion for reconsideration tolls the period for filing a notice of appeal.  *See United States v. Berry*, 679 F. App'x 364, 365 (5th Cir. 2017).  The defendant has 14 days to file a motion for reconsideration which tolls the time to file a notice of appeal.  *United States v. Lutcher*, 726 F. App'x 247 (5th Cir. 2018) ("Lutcher's motion to reconsider was not filed within the 14-day period for filing a notice of appeal and therefore did not extend the time for filing a notice of appeal.").  Here, Woods filed a motion for reconsideration within 12 days of the Court's denial of sentence reduction.  Hence, her motion was timely.  Her "notice of appeal is thus ineffective to appeal the order denying § 3582 relief until the district court rules upon [her] outstanding motion for reconsideration."  *Berry*, 679 F. App'x at 365 (citing Fed. R. App. P. 4(b)(3)(B)(i)).

## II.   Merits of Defendant's Motion

On reconsideration, Woods argues that the elements of her crime were not properly explained to her and that the Court improperly applied a sentencing

-2-

enhancement for the stolen status of the firearms in her possession.  (*See* Mot. Reconsideration, ECF No. 125).  She also notes that she "has appealed her conviction." (*Id.*).

Woods' arguments attack her underlying conviction or sentence and are not cognizable on a § 3582 motion.  "A compassionate release request is not a matter of illegal or unconstitutional restraint." *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009).  Rather, "§ 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity." *United States v. Handerhan*, 789 F. App'x 924, 926 (3rd Cir. 2019).  "The terms of neither the statute nor its policy statement provide release on the basis of arguments . . . that were or could have been raised on direct appeal or in a § 2255 motion." *Id.*  Thus, the Third Circuit questioned "whether an alleged sentencing error that was correctible in prior proceedings could ever be an 'extraordinary and compelling reason' for release under § 3582(c)(1)(A)(i)." *Id.*  Here, Defendant addresses the validity of her conviction rather than extraordinary or compelling reasons which warrant a sentence reduction.  Indeed, these are precisely the issues she raised on appeal. These issues have since been disposed of by the Fifth Circuit. *See United States v. Woods*, 2020 WL 3707598, at *1-2 (5th Cir. 2020).

Finally, Defendant's concerns over her autistic child and the severity of the COVID-19 pandemic were considered by the Court in its Order denying compassionate release.  (*See* Mem. Opinion & Order, ECF No. 123).  The Court

found that these circumstances do not outweigh the gravity of her offense nor the significant amount of time remaining on her sentence.  (*Id.* at 8).

      **IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [125] Motion for Reconsideration for Compassionate Release filed by the defendant, Erin Woods, is hereby **DENIED**.

      **SO ORDERED AND ADJUDGED** this the 26th day of July, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

-4-